[Cite as *DiFiore v. Lyndhurst*, 2026-Ohio-2880.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| GOFFREDO DI FIORE | Case No. 2026-00145PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| THE CITY OF LYNDHURST | |
| Respondent | |

{¶1} In this public-records case, requester Goffredo DiFiore, a self-represented litigant, has filed written objections to a special master's report and recommendation. Requester's objections shall be overruled for reasons discussed below.

I.    **Background and Procedural History**

{¶2} On February 19, 2026, pursuant to R.C. 2743.75(D), requester filed a complaint against respondent City of Lyndhurst, alleging he was denied access to public records in violation of R.C. 149.43(B).  The clerk appointed a special master who referred the case to mediation.  After mediation failed to resolve all disputed issues between the parties, the case was returned to the special master's docket where a briefing schedule for the presentation of evidence and argument was issued by the special master.

{¶3} In a combined filing, on April 17, 2026, respondent answered requester's complaint and moved to dismiss the complaint on grounds that requester failed to serve a preliminary complaint, as required by R.C. 149.43(C)(1) and that certain records were not public records.  Requester opposed respondent's motion to dismiss.

{¶4} On May 12, 2026, the special master issued a report and recommendation (R&R) in which the special master recommends (1) granting respondent's motion to dismiss pursuant to R.C.149.43(C)(2), and (2) ordering requester to bear the costs of this case.  (R&R, 1, 9.)

{¶5} On May 22, 2026, requester filed timely written objections to the report and recommendation, which, according to an accompanying certificate of service, requester served on respondent's counsel by certified mail, return receipt requested.

{¶6} On May 27, 2026, respondent, through counsel, filed a written response to requester's written objections, which, according to an accompanying certificate of service, was sent by certified mail to requester. In the written response, respondent maintains that "[r]equester's nineteen (19) pages of objections to the Report and Recommendation of the Special Master are linguistic gymnastics of a subjective interpretation of the mandatory requirements of ORC 149343(C)(1)" and that it did not waive any statutory service requirements contained in R.C. 149.43(C). Respondent has not filed written objections of its own to the special master's report and recommendation.

{¶7} Requester's objections are before the court for a final order in accordance with R.C. 2743.75(F)(2). *See* R.C. 2743.75(F)(2) (providing that this court. "within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

## II.    Law and Analysis

### A.  Legal standard

{¶8} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A).

{¶9} R.C. 2743.75 "provides for 'an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Kidd v. City of Wilmington*, 2026-Ohio-978, ¶ 14 (12th Dist.); *Law Office of Josh Brown, LLC v. Ohio Secy. of State*, 2025-Ohio-2130, ¶ 9 (10th Dist.). *See* R.C. 2743.75(A). To accomplish this goal, R.C. 2743.75 "lays out a streamlined litigation procedure." *Kidd* at ¶ 14; *Law Office of Josh Brown, LLC* at ¶ 9.

{¶10} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola*

*v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See also Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) (holding that "[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶11} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

## B. Discussion

{¶12} Under R.C. 2743.75(F)(2) a party's objections to a special master's report and recommendation are required to be "specific and state with particularity all grounds for the objection." *See* R.C. 2743.75(F)(2). Requester presents six objections for the court's consideration:

**OBJECTION 1: THE R&R MISREADS R.C. 149.43(C)(1)'S PERMISSIVE "MAY" AS MANDATORY.**

**OBJECTION 2: THE R&R VIOLATES THE PLAIN-MEANING RULE IT CITES.**

**OBJECTION 3: CIV.R. 4'S CLERK-DRIVEN APPARATUS CANNOT OPERATE AT THE PRE-FILING STAGE.**

**OBJECTION 4: THE R&R IMPERMISSIBLY EXPANDS R.C. 149.43(C)(2)'S DISMISSAL TRIGGER BEYOND ITS EXPRESS TERMS.**

**OBJECTION 5: THE CITY WAIVED ANY SERVICE-RELATED OBJECTION.**

**OBJECTION 6: THE COURT-PROMULGATED FORM TRACKS R.C. 149.43(C)(2)'S "PROPERLY TRANSMITTED" STANDARD.**

Because requester's six objections are interrelated, the court shall jointly consider, and address, requester's objections.

{¶13} Effective April 9, 2025, 2023 Sub.H.B. No. 265 amended R.C. 149.43(C)(1) to provide:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, *the person allegedly aggrieved may serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period.* Upon the expiration of the three-day period, the person allegedly

aggrieved may, subject to the requirements of division (C) (2) of this section, do only one of the following, and not both:

(a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code;

(b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(2)(C)(3) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

(Emphasis added.)

{¶14} Effective April 9, 2025, 2023 Sub.H.B. No. 265 also amended R.C. 149.43(C)(2) to provide:

Upon filing a complaint or mandamus action with a court under divisions (C)(1)(a) or (b) of this section, a person allegedly aggrieved shall file with the court, in conjunction with the person's complaint or petition, a written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, *and* that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit. If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed.[1]

---

[1]      R.C. 149.43 was later amended by 2025 Am.Sub.H.B. No. 96.  A review of 2025 Am.Sub.H.B. discloses that language in R.C. 149.43(C)(1) and (2) were unaltered by 2025 Am.Sub.H.B. No. 96.

{¶15} Under R.C. 149.43(C)(1) an allegedly aggrieved person "may" serve," pursuant to Civ.R. 4, a complaint on a form prescribed by the clerk of this court to the public office (or person responsible for public records) that is, or who is, allegedly responsible for the purported failure to provide requested records. The General Assembly's use of "may" in R.C. 149.43(C)(1), when disassociated from the remainder of R.C. 149.43(C)(1), could be construed as permissive, rather than mandatory. However, R.C. 149.43(C)(1)'s provision that a public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint and R.C. 149.43(C)(1)'s requirement that an allegedly aggrieved person "shall not file a complaint" within the three-day grace period suggests that the General Assembly intended the serving of a preliminary complaint to be mandatory, not permissive. R.C. 149.43(C)(2)'s provision requiring dismissal of a suit if a complaint was not transmitted to the public office or person responsible for public records at least three business days before the filing of a suit also supports the conclusion that the filing of a preliminary complaint is mandatory, not permissive. *Accord State ex rel. Preston v. Lorci*, 2026-Ohio-1572, ¶ 4 (10th Dist.).[2] *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus (holding that in "statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage"); *Hauser v. City of Dayton Police Dept.*, 2014-Ohio-3636, ¶ 9 (explaining that, in construing states, a court's task is not to pick out one sentence and disassociate it from the context; rather, courts are to construe statutes as a whole and based on how one would have reasonably understood the text

---

[2]  In *Lorci* at ¶ 4, the Tenth District Court of Appeals stated:

[I]f a requester believes a public office or the person responsible for public records has failed to comply with an obligation in R.C. 149.43(B), the requester has the option under R.C. 149.43(C)(1) to serve a complaint upon the public office or person responsible for public records in question. Service of the complaint triggers a three-day cure period for the public office to address the failure alleged in the complaint. R.C. 149.43(C)(1). Only upon the expiration of the three-day cure period in R.C. 149.43(C)(1) may a requester either (1) file a complaint with the clerk of the court of claims or court of common pleas as applicable, or (2) commence a mandamus action. R.C. 149.43(C)(1)(a) and (b).

at the time that the statute was enacted); *Mishr v. Bd. of Zoning Appeals of Village of Poland.*, 76 Ohio St.3d 238, 240 (1996) ("[i]t is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result").

{¶16} Upon careful consideration, the court agrees with the special master's determinations that requester "has not served his pre-filing complaint as required by R.C. 149.43(C)(1)," that he "therefore could not affirm proper transmission, as required by R.C. 149.43(C)(2)", and that "[w]ithout affirmation of proper transmission, his complaint in this court should be dismissed pursuant to R.C. 149.43(C)(2)." (R&R, 9.)

{¶17} Requester's contention that respondent "waived" any service-related objection is unpersuasive. Under Ohio law, a waiver presupposes that a party has full knowledge of an existing right and that something has been done intentionally. As stated by the Second District Court of Appeals,

> "Waiver is mainly, or essentially, a matter of intention, Thus, a prerequisite[,] the essence of a waiver, as indicated by the definition, is the voluntary and intentional relinquishment of a known right, claim, or privilege. Whether an alleged waiver is express or implied, it must be intentional. Mere negligence, oversight, or thoughtlessness does not create a waiver."

*Dayspring of Miami Valley v. Carmean*, 2007-Ohio-7159, ¶ 34 (2nd Dist.), quoting *Russell v. City of Dayton*, 1984 Ohio App. LEXIS 9795 (2d Dist. May 18, 1984). Here, based on the court's review, the court disagrees with requester's contention that respondent voluntarily and intentionally relinquished its right to proper service under R.C. 149.43(C).

{¶18} Although respondent produced some records to requester, see R&R at 1-2, this does not alter a conclusion that respondent did not waive its right to proper service under R.C. 149.43(C). *Accord State ex rel. Ames v. W. Geauga Local School Dist. Bd. of Edn.*, 2025-Ohio-5179 (11th Dist.) (concluding that a relator did not comply with the requirements of R.C. 149.43(C)(1) and dismissing a mandamus action following the respondent's redacted response to a public-records request). *Compare* 2000 Ohio Atty.Gen.Ops. No. 2000-021 at 2-135 ("R.C. 149.43 does not expressly prohibit the disclosure of items that are excluded from the definition of public record, but merely provides that their disclosure is not mandated") with *State ex rel. Ohio Republican Party*

*v. Fitzgerald*, 2015-Ohio-5056, ¶ 29 (voluntarily disclosing requested record can waive any right to claim an exemption to disclosure). Additionally, at least one Ohio court of appeals has noted: "R.C. 149.43(C)(1) requires the preliminary complaint to be served pursuant to Civ.R. 4. Service under Civ.R. 4 may be achieved through the methods set forth in Civ.R. 4.1 et seq. Hand-delivery by a party to an action is not a permissible form of service under Civ.R. 4.1 et seq." *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 13 (11th Dist.).

{¶19} Given requester's failure to comply with a procedural requirement of R.C. 149.43(C)(1), and in accordance with R.C. 149.43(C)(2), the court concludes that dismissal of this action without prejudice is appropriate. *Accord Souare v. Ohio Dept. of Dev. Disabilities*, 2026-Ohio-1318, ¶ 18 (Ct. of Cl.). *Compare Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, paragraph two of the syllabus ("[a] dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice"). *See State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, 2025-Ohio-4803, ¶ 11 ("[a] dismissal of a case that is not on the merits must be without prejudice"); *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2 ("[a] dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St. 3d 67, 69, 551 N.E.2d 122, 124").

### III. Conclusion

Accordingly, for reasons set forth above, the court OVERRULES requester's six objections and ADOPTS the special master's report and recommendation issued on May 12, 2026. In accordance with the special master's recommendations, respondent's motion to dismiss filed on April 17, 2026, is GRANTED and requester's complaint is DISMISSED without prejudice. Court costs are assessed against requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed June 1, 2026**
**Sent to S.C. Reporter 7/27/26**